Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Matthew Harnack, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Santa Monica Brew Works, LLC, | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Matthew Harnack ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Santa Monica Brew Works, LLC ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Santa Monica Brew Works business located at 1920 Colorado Avenue in Santa Monica, California ("Santa Monica Brew Works").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Defendant is a California limited liability with its principal address in Santa Monica, California. At all times relevant to this complaint, Defendant owned, managed,

operated, and/or was otherwise responsible for Santa Monica Brew Works.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Santa Monica Brew Works is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from post-traumatic stress disorder ("PTSD"), anxiety, and another serious mental disorder.

8. Plaintiff utilizes a service dog. Plaintiff's service dog has been professionally trained to assist Plaintiff with his disabilities.

9. Plaintiff's service dog has been specifically trained to detect the signs of Plaintiff's anxiety and PTSD; prevent strangers from approaching Plaintiff in public; calm Plaintiff through distraction techniques; alert Plaintiff to the presence of triggers; and interrupt self-destructive behaviors. These tasks help Plaintiff manage his symptoms and feel more comfortable and safer in public settings. By providing support and assistance, Plaintiff's service dog greatly improves his quality of life and gives him far more independence than he would have alone.

10. On April 9, 2023, Plaintiff personally visited the Santa Monica Brew Works with his girlfriend and his service dog. Plaintiff was there to have a few beers with some coworkers.

//

11. Initially, Defendant did not give Plaintiff any trouble regarding the presence of Plaintiff's service animal.

12. However, when Plaintiff attempted to purchase a beer at the bar, one of Defendant's employees informed Plaintiff that no dogs were allowed inside of the brewery. Plaintiff would later learn that this employee was the purported manager of the establishment.

13. Plaintiff, as is his custom, attempted to show the manager documentation regarding his service animal, because Plaintiff has a difficult time interacting with strangers in public.

14. However, the manager became dismissive and argumentative, and would not listen to Plaintiff nor evaluate Plaintiff's documentation. The manager combatively told Plaintiff that he would have to leave with his service dog.

15. The manager flatly refused to listen to Plaintiff and began sternly talking over Plaintiff which caused Plaintiff distress and discomfort.

16. Plaintiff was very close to having a panic attack.

17. Plaintiff's girlfriend tried her best to interface with Defendant's manager, but the manager became combative and aggressive without provocation. This upset Plaintiff even more, and Plaintiff felt as though he had no choice but to leave the Santa Monica Brew Works because of the unrelenting discrimination and aggression he was subjected to by Defendant's employees.

18. Plaintiff made this decision because it was clear that Defendant's employees were not educated about disability access laws, nor were they interested in having a conversation about Plaintiff's rights.

19. It is crucial for a bar to allow a patron with PTSD and anxiety to bring their service animal that is specifically trained to provide critical support and assistance to their handler. Service animals can detect the signs of anxiety and PTSD, prevent strangers from approaching their handler, calm their handler through distraction techniques, alert them to the presence of triggers, and interrupt self-destructive

behaviors. Denying access to a service animal can be detrimental to the patron's mental health and wellbeing, making it difficult for them to cope with their condition in public settings. By allowing service animals into the bar, the establishment is promoting inclusivity and providing a safe and supportive environment for all patrons, including those with disabilities. It is important for bars and other public places to accommodate individuals with service animals to ensure their comfort, safety, and overall wellbeing.

20. Plaintiff would like to return to the Santa Monica Brew Works once Defendant ceases its illegal and discriminatory treatment of disabled customers utilizing service dogs. The Santa Monica Brew Works is a very convenient brewery at which Plaintiff could enjoy a cold beer because it is very close to Plaintiff's place of work.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

21. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

22. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

23. The Santa Monica Brew Works is a public accommodation.

24. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

25. Defendant has a policy that restricts and denies access to persons like Plaintiff.

26. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

27. As a result of Defendant's conduct, denying Plaintiff equal access to the Santa Monica Brew Works, Plaintiff faces continuing discrimination. Plaintiff continues

to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Santa Monica Brew Works.

28. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Santa Monica Brew Works.

29. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

30. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Santa Monica Brew Works, in light of Defendant's conduct.

31. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

32. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

33. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Santa Monica Brew Works.

35. Santa Monica Brew Works is a business establishment.

36. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

37. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

38. Plaintiff was harmed.

39. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

40. Defendant's conduct violated the ADA.

41. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

42. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with service animals when visiting the Santa Monica Brew Works, including, specifically, enjoining its policy of denying access to persons with service animals access to the Santa Monica Brew Works without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2.   Damages of no less than $25,000;

3.   Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4.   Other relief that the court deems appropriate.

Dated: April 25, 2023                                     Law Office of Rick Morin, PC

*[signature]*

_____
Richard Morin
Attorney for Plaintiff